[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Raymond Bahre moves to strike the defendant's apportionment complaint on the grounds that the apportionment complaint is not in compliance with state statutes, cannot be filed with an answer and special defense and is untimely.
The present action arose following an accident involving a motor CT Page 6418 vehicle driven by the defendant, Chester Piotrowicz, which allegedly caused injuries to the plaintiffs, Raymond Bahre and Bryan Bahre. The plaintiffs allege the following facts. At approximately 10:30 P.M. on June 2, 1998, the defendant was seated in the driver's seat of his parked motor vehicle in a private driveway on Loomis Street in Granby, Connecticut. Raymond Bahre was standing between the open driver's side door and the defendant's vehicle and was engaged in conversation with the defendant. Bryan Bahre was standing in the immediate vicinity of the motor vehicle. Without warning, the defendant began to drive his vehicle in reverse, dragging Raymond Bahre along the ground from the driver's door for approximately 300 feet. The defendant's vehicle then spun out, striking Bryan Bahre and two stone walls. The defendant then proceeded north on Loomis Street without stopping. Both plaintiffs allege that the actions of the defendant constitute negligence (counts one and three), recklessness (counts two and four) and battery (counts five and six).
On February 20, 2001, the defendant filed an answer, special defense and an apportionment complaint.[1] As special defenses, the defendant alleges that the injuries to Raymond Bahre were caused by his own intentional, reckless or negligent assault on the defendant and that the injuries to Bryan Bahre were caused by his own negligence in placing himself in a position of danger. In his apportionment complaint against Raymond Bahre, alleged to be brought pursuant to General Statutes §52-572h(b),[2] the defendant alleges that any potential injuries suffered by Bryan Bahre are due to the negligence of Raymond Bahre in that he negligently grabbed and turned the steering wheel of the defendant's vehicle. On March 12, 2001, the plaintiffs filed a reply to the special defenses. In addition, Raymond Bahre filed a motion to strike the defendant's apportionment complaint. On March 26, 2001, the defendant filed a reply to Raymond Bahre's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a [plaintiffs] motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). CT Page 6419
Raymond Bahre moves to strike the defendant's apportionment complaint, arguing that pursuant to General Statutes § 52-102b,[3] the defendant's apportionment complaint must be stricken because an apportionment complaint cannot be filed against someone who is already a party to the action, cannot be filed with an answer and special defense, and cannot be filed outside of the 120-day period following the return date of the plaintiff's original complaint. The defendant concedes that he has not complied with § 52-102b because that statute applies to apportionment complaints against third persons who are not yet parties to the action. Instead, the defendant argues, that his right to apportionment arises under § 52-572h.
Through his apportionment complaint, the defendant seeks to assure that Raymond Bahre will be held responsible for a share of Bryan Bahre's damages, which the defendant contends Raymond Bahre caused through his negligence in grabbing the steering wheel. In essence, the defendant seeks to shift his potential liability for any damages suffered by Bryan Bahre to the other plaintiff, Raymond Bahre, by using an apportionment complaint.
Section 52-102b sets forth the requirements for bringing a new party into a case for apportionment of liability. Eskin v. Castiglia,253 Conn. 516, 523-24, 753 A.2d 927 (2000). "General Statutes [§]52-102b expressly provides that an apportionment suit is not available against an individual who is a `party' to the action." Delaney v.Keemon, Superior Court, judicial district of New London at Norwich, Docket No. 116136 (April 30, 1999, Mihalakos, J.) (24 Conn.L.Rptr. 426, 427); see also Apicelli v. Indian Nations, Superior Court, judicial district of New London at Norwich, Docket No. 119305 (December 11, 2000,Martin, J.); Gerarde v. Anastasiou, Superior Court, judicial district of New London at New London, Docket No. 546471 (June 30, 1999, Milhalakos,J.) (24 Conn.L.Rptr. 692, 693).[4] Pursuant to the holding in Delaneyv. Keemon, supra, 24 Conn.L.Rptr. 427, and the line of cases following it, § 52-102b applies only to nonparties and, therefore, does not apply to the facts of this case because Raymond Bahre is already a plaintiff in the case. ". . . an apportionment complaint served upon a person already a party to an action should be stricken"; Morrill v.Rutledge, Superior Court, judicial district of New Haven at New Haven, Docket No. 423871 (July 19, 2000, Alander, J.) (27 Conn. Law. Rptr. 576, 577). Accordingly the complaint against Raymond Bahre is stricken.[5]
The defendant is not without remedy. The defendant may obtain the result that he seeks, that is, that the trier of fact consider and determine whether Raymond Bahre acted negligently in grabbing the defendant's steering wheel and thereby caused the damages suffered by Bryan Bahre, by pleading the special defense of comparative negligence or CT Page 6420 through a request for submission of the issue of apportionment to the jury pursuant to General Statutes § 52-572h(c),[6] (e)[7] and (f).[8] Gerarde v. Anastasiou, supra, 24 Conn.L.Rptr. 693; Delaneyv. Keemon, supra, 24 Conn.L.Rptr. 427; Algea v. Barnett, Superior Court, judicial district of Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.) (20 Conn.L.Rtpr. 100, 101).
For the foregoing reasons, Raymond Bahre's motion to strike the defendant's apportionment complaint is granted.
Mary R. Hennessey, J.